

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Honorable W. K. Baldridge
County Attorney
Denton County
Denton, Texas

Dear Sir:

Opinion No. O-7043
Re: The authority of the Super-
intendent of the Gatesville
School for Boys to refuse re-
admittance of a parolee who
is now eighteen years of age,
but who was admitted to said
school when under seventeen
years of age.

Your letter of January 15, 1946, requests an
opinion of this department in reply to the questions stated
by you as follows:

"After a child reaches the age of seventeen
years, can the Court through the revocation of a
parole or modification of a former judgment order
the child committed to the Gatesville State School
for Boys? Can the Superintendent of the Gatesville
State School for Boys rightfully and lawfully re-
fuse to admit a child eighteen or nineteen years
of age who was declared a juvenile delinquent at
a time when he was fifteen years of age on the sole
ground that said child is over the age of seventeen
years and can therefore be punished for his criminal
acts?"

The facts upon which your request is based as as
follows:

"I give you the following facts which con-
stitute the basis for the request; On the 5th
day of March 1942, a male child fifteen years of
age, who was duly and legally declared to be a

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honoreble W. K. Baldridge - Page 2

delinquent child by the County Court of this
County and committed to the Gatesville State
School for Boys until he shall reach the age of
twenty one years towit: November 2, 1947.

"During the afternoon of the day upon which
said child was declared to be a delinquent child
and committed to the Gatesville State School for
Boys, the mother of said child together with the
child's uncle appeared before the County Judge,
being also the Judge of the Juvenile Court, and
convinced said Court that it would be to the best
interest of said child for him to be paroled to
his uncle who was a resident of Oklahoma City,
Oklahoma. There upon the Court did render its
order suspending his previous order commiting
the child to the Gatesville State School for Boys
and paroled the child to his uncle in Oklahoma
City during his good behavior and subject to the
further order of the Court.

"Thereafter on the 14th day of August 1943, said
Court rendered an order finding said child guilty of
other acts constituting him a delinquent child and
did on that date revoke the parole granted to him
on the 5th day of March 1942 and did order the said
child to be delivered to the custody of the Sheriff
and by him transported to the Gatesville State School
for Boys to serve his sentence rendered by said Court
on the 5th day of March 1942.

"Thereafter on or about the 1st day of July 1944,
said child was paroled from the Gatesville State School
for Boys to his mother who is a resident of this City.
Thereafter on the 9th day of January 1946, it was made
to appear to the Court that said child had committed
other acts constituting him a delinquent child and
the parole heretofore granted to said child on or
about the 1st day of July 1944, was by said Court
revoked and the Court ordered the said child to be
delivered to the custody of the Sheriff and by him

Honorable W. K. Baldridge - Page 3

       delivered to the authorities at the Gatesville
State School for Boys to complete and serve the
sentence imposed upon him on the 5th day of March
1942.

       "On the 11th day of January 1946, the sheriff
of this County transported the said child to the
Gatesville State School for Boys in compliance with
the Juvenile order of this County. The superintendent
of the Gatesville State School for Boys refused to
accept this child on the ground that he is more than
seventeen years of age and is now an adult insofar
as the criminal law is concerned."

       Article 2338-1 (Vernon's Ann. Civ. Stat., Acts 1943,
48th Leg.) reads in part as follows:

       "Sec. 24. Articles 2329 and 2338 of the
Revised Civil Statutes of Texas, 1925, are here-
by repealed.

       "All laws and parts of laws in conflict here-
with are also repealed."

       However, the Act contained a saving clause as fol-
lows:

       "Sec. 22. Saving Clause. In all cases where
the court has continuing jurisdiction of the child-
ren already adjudged delinquent, any of the Acts
herein repealed shall continue in force as applicable
to said children, and the provisions of such statutes
may continue to be exercised with reference to all
such children where such jurisdiction has already
attached."

       In Maldonado v. State (184 S. W. (2d) 859), the Court
of Civil Appeals of Texas, San Antonio, stated in part as fol-
lows:

       "Since the order of May 27, 1943, provides for
continuing jurisdiction of the Juvenile Court over
the minor, Charles Maldonado, (Art. 2338, Vernon's
Ann. Civ. Stat., Amended Acts 1941, 47th Leg.) this

Honorable W. K. Baldridge - Page 4

case comes within the provisions of the saving
clause of the Juvenile Act of 1943, and conse-
quently the laws mentioned as being repealed in
Sec. 24 of the Act, are nevertheless effective
insofar as this case is concerned."

In Opinion No. 0-4603 of the Attorney General of
Texas, July 18, 1942, the following question was submitted
by the Honorable R. N. Winship, Jr., Superintendent, Gatesville
State School for Boys, for an opinion:

"Where the committing court has recalled a
boy, may it later order his return to this school
if the boy is then more than seventeen years of
age-"

This question was answered as follows:

"Under Art. 2338, of the Revised Civil Statutes
as amended in 1941, the trial court has been given
full power and authority to change its order of
commitment by the following language:

"'Such order shall be subject to change by
further orders of the court with reference to such
child; and the court shall have the power to change
the custody of such child or to entirely discharge
it from custody whenever, in the judgment of the
court, it is to the best interest of the child to
do so.'

"If the trial court who issued the order com-
mitting the boy to the institution should make any
further order relative to the care, custody or con-
trol of the boy committed, it will, of course, be
your duty to obey the order or orders of the trial
court, regardless of how you receive notice thereof."

Honorable W. K. Baldridge - Page 5

Accordingly, you are respectfully advised that if the commitment complies with the terms of our statutes, it is the opinion of this department that, under the facts stated in your letter, the Superintendent of the Gatesville State School for Boys does not have the authority to refuse re-admittance of a parolee who is now eighteen years of age, but who was first admitted to said school when under seventeen years of age.

However, while we do not know what act or acts which are referred to in the request as "other acts constituting him a delinquent child" as found by the Court and which resulted in the Court Order of January 6, 1946, it should be pointed out that such acts, whether they are felonies or misdemeanors, could not constitute this eighteen or nineteen year old boy a delinquent child, for only those boys under seventeen years of age may be so classified. Such acts though would be sufficient reasons for the Court to revoke the parole previously granted. We wish to point out further that any boy who had previously been adjudged a "delinquent child" may be prosecuted for any offense, whether it be a misdemeanor or felony, committed against the laws of this State after he becomes seventeen years of age, and the fact that he had previously been adjudged a "delinquent child" does not give him immunity from prosecution for such offenses.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore, Jr.,
Assistant

By James N. Ware
R & E Assistant

JNW:zd

